IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DON A. WOODYATT                                                                                    PLAINTIFF

               v.                                    Civil No. 13-3115

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Don Woodyatt, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The Plaintiff filed his applications for DIB and SSI on June 17, 2010, alleging an onset date of December 15, 2008, due to Reiter syndrome,[2] chronic arthritis, asthma, and bronchitis. Tr. 194, 206, 208. His claims were denied both initially and upon reconsideration. Tr. 67-70.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] Reactive arthritis, previously known as Reiter syndrome, is a spondyloarthritis causing inflammation of the joints and tendon attachments at the joint, often related to infection. THE MERCK MANUAL HOME EDITION, *Reactive Arthritis*, http://www.merckmanuals.com/home/bone_joint_and_muscle_disorders/joint_disorders/reactive_arthritis.html?qt=reactive arthritis&alt=sh (last accessed January 28, 2015).

An administrative hearing was then held on May 10, 2012. Tr. 36-65. Plaintiff was both present and represented by counsel.

A the time of the administrative hearing, Plaintiff was 47 years old and possessed a seventh grade education. Tr. 30, 40. He had past relevant work ("PRW") as a cleaner and poultry dressing worker. Tr. 29, 42-49, 199-205.

On August 15, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's psoriatic arthritis/polyarthropathy and chronic obstructive pulmonary disease ("COPD") did not meet or equal any Appendix 1 listing. Tr. 24-25. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform light work involving occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Tr. 25. He also found that the Plaintiff could frequently, but not constantly, handle bilaterally and must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. With the assistance of a vocational expert, the ALJ concluded that the Plaintiff could perform work as a cashier, machine tender, and inspector. Tr. 30.

The Appeals Council denied Plaintiff's request for review on October 15, 2013. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 14, 15.

II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find

it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

When, as here, the Plaintiff submits additional medical evidence with their request for review by the Appeals Council, the Appeals Council must consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision. *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it is related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, it is the task of this Court to determine whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992). Of necessity, this means that we must speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing.

4

In his opinion, the ALJ states that the record was left open to allow the Plaintiff to submit a report following his May 25, 2012, visit with rheumatologist Dr. Charles Mills. Tr. 27. However, said report was not submitted until after the ALJ issued his opinion. According to Plaintiff's counsel, Dr. Mills' narrative and RFC were not available to the Plaintiff until September 2012, at which time they were promptly produced to the Appeals Council. Tr. 9-10. Although the Appeals Council acknowledged receipt and consideration of the records, it ultimately denied Plaintiff's request for review. Because it appears that the evidence was submitted to the Administration in a reasonably prompt manner following its receipt, we find that the evidence is new. And, after reviewing Dr. Mill's notes and assessment, it is clear that this evidence is also material. Accordingly, our task is to determine whether the ALJ's decision is supported by substantial evidence on the record as a whole, with the inclusion of Dr. Mill's narrative and assessment.

The record establishes that the Plaintiff suffers from arthritis of the hands, wrists, hips, knees, and feet. Joint pain, swelling, and even joint deformities were noted. Pursuant to a general physical exam conducted by Dr. Shannon Brownfield, Plaintiff was diagnosed with COPD/emphysema and osteoarthritis of the knees, right thumb, and lumbar spine. Tr. 257-262. Although no range of motion deficits were noted on exam, the examination did elicit pain with range of motion in the right thumb and lumbar spine. Crepitus was also noted in the knees, right greater than left. As a result, Dr. Brownfield concluded that the Plaintiff would have moderate to severe exertional limitations as well as moderate to severe limitations involving the use of his right hand, walking, kneeling, and prolonged standing. Tr. 257-262.

AO72A
(Rev. 8/82)

In April 2011, the Plaintiff was treated for hematemesis, or vomiting blood, requiring a blood transfusion. Tr. 278-287. An upper endoscopy found a Mallory-Weiss tear[3] that was promptly repaired via an endoclip. This, however, left him with an inability tolerate many prescription and over-the-counter pain medications.

On January 11, 2012, Dr. Graeme Archer indicated that he had treated the Plaintiff for significant arthritis in his hands, feet, and knees, resulting in joint deformities to the hands and feet. Tr. 276. This diagnosis was supported by records from Dr. Mills, who initially diagnosed the Plaintiff with symmetrical polyarthritis with inflammatory features, osteoarthritis of the knee, sciatic arthritis, and psoriasis. Tr. 289-296. Although no range of motion limitations were noted, pain on range of motion continued to be a problem. Further, x-rays of the Plaintiff's knees, feet, and hands and lab results documented the presence of antibodies and erosive type changes consistent with psoriatic arthritis.[4] Tr. 298-301. X-rays of his foot also revealed focal erosion involving the medial aspect of the head of the first metatarsal of the right foot, suspicious for gout. Accordingly, the Plaintiff was ultimately diagnosed with psoriatic arthritis. Tr. 298-301. And, Dr. Mills indicated that he was seeking approval from the prescription assistance program to prescribe weekly Enbrel subcutaneous injections and Humira.

---

[3] A Mallory-Weiss tear is a laceration of "the distal esophagus and proximal stomach caused by vomiting, retching, or hiccuping." *See* THE MERCK MANUAL HOME EDITION, *Mallory-Weiss Syndrome*, http://www.merckmanual.com/professional/gastrointestinal_disorders/esophageal_and_swallowing_disorders/mallory-weiss_syndrome.html (last accessed January 28, 2015).

[4] Psoriatic arthritis is a form of joint inflammation that occurs in some people who have psoriasis of the skin or nails. THE MERCK MANUAL HOME EDITION, *Psoriatic Arthritis*, http://www.merckmanuals.com/home/bone_joint_and_muscle_disorders/joint_disorders/psoriatic_arthritis.html (last accessed January 28, 2015). It affects the joints asymmetrically, that is to say it often affects one side more so than the other. *Id.* The joints most commonly affected are the hips, knees, fingers, and toes, although the spine can be affected as well. *Id.* And, much like rheumatoid arthritis, psoriatic arthritis can result in severe damage to the affected joints. *Id.* Thus, treatment is generally aimed at controlling the skin rash and relieving the joint inflammation.. *Id.*

AO72A (Rev. 8/82)

The Plaintiff had a follow-up appointment with Dr. Mills on May 25, 2012. Tr. 11-15, 303-307. Dr. Mills noted no significant changes in the Plaintiff's condition since his last appointment. He continued to report joint pain in his back, hands, carpometacarpal joints, wrists, knees, left hip, and feet with associated swelling in these areas. Due to the Plaintiff's fairly recent history of a gastrointestinal bleed, Methotrexate was contraindicated. Dr. Mills had, however, received permission from the patient assistance program to administer weekly Enbrel injections.

At the Plaintiff's request, Dr. Mills completed an RFC assessment. Tr. 17-18, 308-310. He indicated that the Plaintiff could lift and carry 20 pounds occasionally, stand/walk 2 to 3 hours per 8-hour workday for a total of 60 minutes without interruptions, and sit without limitations. Dr. Mills also opined that due to arthritis in his hands and fingers, he would be limited with regard to reaching and handling and using moving machinery. Further, he stated that the arthritis in the Plaintiff's knees and feet caused him to exhibit poor balance and rendered him unable to climb, stoop, crouch, kneel, or crawl. Due to the Plaintiff's COPD/emphysema, Dr. Mills also recommended that he not work near chemicals, dust, noise, fumes, humidity, or vibration.

The ALJ concluded that the Plaintiff could perform light work involving occasional climbing, balancing, stooping, kneeling, crouching, and crawling; frequent but not constant handling bilaterally; and, less than moderate exposure to fumes, odors, dusts, gases, and poor ventilation. Tr. 25. In so doing, he noted the absence of an RFC assessment from or physical limitations imposed by any of the Plaintiff's treating physicians. The ALJ also mentioned the fact that the Plaintiff was not taking any prescription medication to treat his arthritis. And, he

attempted to use Plaintiff's limited activities of daily living to discredit his subjective complaints.

After reviewing all of the evidence of record, the undersigned finds that the ALJ's decision is not supported by substantial evidence. Remand is necessary to allow the ALJ to review and consider Dr. Mills' RFC assessment. *See Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (holding that Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist). On remand, the ALJ is also directed to reconsider the findings from the x-rays of Plaintiff's feet, knees, and hands. Special consideration should be given to the fact that the Plaintiff's gastrointestinal impairment limits his treatment options, and the fact that he is proceeding under a prescription assistance program requiring approval prior to receiving treatment. As such, the fact that he was not taking medication at the time of the ALJ's decision should not be held against him. *See Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003) (a lack of funds may justify a failure to receive medical care).

## V.   Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of January, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE